Chief Justice Hernández and Justices Figueras, MacLeary and Wolf concurred.

---

HERNÁNDEZ *v*. MANGUAL ET AL.

APPEAL from the District Court of Mayagüez.

No. 415.—Decided February 4, 1910.

NEW TRIAL—APPEAL—FAILURE TO FILE BRIEF—DISMISSAL.—In this appeal from an order overruling a motion for a new trial, the appellants filed a brief in which they set forth matters not involved in this appeal but which are treated of in the judgment. *Held:* That the case is in the same condition as if no brief had been filed, and as the provisions of rule 42 have not been complied with, the appeal must be dismissed.

ID.—NEWLY DISCOVERED EVIDENCE—REASONABLE DILIGENCE.—Where a motion for a new trial on the ground of newly discovered evidence does not allege that

reasonable diligence has been exercised to discover such evidence, it will be deemed insufficient.

ID.—EFFECT OF NEWLY DISCOVERED EVIDENCE.—A motion for a new trial is also insufficient which fails to allege that the newly discovered evidence would have changed the result of the trial.

The facts are stated in the opinion.

*Mr. Martin Trevieso* for appellants.

The respondent appeared in his own behalf.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from an order of the District Court of Mayagüez overruling a motion for a new trial. The case was heard here on January 26, 1910; but neither of the parties appeared to argue the case.

The motion for a new trial was made on the ground of newly discovered evidence and on the ground of accident or surprise of which the complainant below availed himself; and 10 days after the filing of said motion the defendants filed a further writing in which for the first time they set forth "that they could not discover said evidence previously in spite of the diligence which they had exercised." The diligence of the defendants was alleged several times in the course of this later writing, but it was not proved. The District Court of Mayagüez, on March 29, 1909, decided that it had not been proved that a new trial was justified.

In this court the appellants filed a brief which is directed entirely to the facts of the trial itself which led up to the judgment. But an appeal is taken from the judgment. In other words, the brief of the appellants is directed solely to matters not involved in this appeal, and the case is in the same condition as if no brief had been filed. There is a failure of the appellants to comply with the provisions of rule 42 which provides that the brief shall contain a true and concise statement of the case, as it appears in the record; and also an assignment of errors upon which the appeal is based. For failure to comply with the rule of court, as pointed out by the appellee, this appeal must be dismissed. Even if we should

enter into a consideration of the motion for a new trial, we should still have to affirm the judgment, because the motion for a new trial did not set out that reasonable diligence had been exercised by the appellants, and the later writing does not show that such diligence was exercised. Furthermore, it does not appear, as the same was not properly drawn to our attention, that the alleged newly discovered evidence would have changed the result of the trial. The appeal must be dismissed.

*Dismissed.*

Chief Justice Hernández and Justices MacLeary and del Toro concurred.

Mr. Justice Figueras did not take part in the decision of this case.